## FORD v. GRAYBURG OIL CO.
### No. 8946.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 7, 1932.

Rehearing Denied Feb. 1, 1933.

Griffin, Kimbrough & Cox, of McAllen, for appellant.

Ingrum & Smith, of San Antonio, and Kennedy Smith, of Edinburg, for appellee.

FLY, C. J.

Appellant sued appellee on a contract in writing which leased to appellee a certain lot or parcel of land in the town of Pharr, Hidalgo county, Tex., which contract was alleged to have been breached by appellee. He alleged that he was to erect a filling station on the lot, when appellee furnished him the plans and specifications for such station, which appellant was to operate for appellee. After a hearing of the evidence, the court instructed a verdict in favor of appellant for $1.

 The evidence showed that a contract was entered into between appellant and appellee whereby appellant leased to appellee a certain lot in Pharr, and bound himself to build a station for the sale of gasoline and oil thereon, not to exceed the sum of $5,000 in value, for and in consideration of which lease appellee agreed to pay appellant a rental of $100 per month; to furnish the necessary plans and specifications for said station; to pay appellant one cent, per gallon on all gasoline sold each month in excess of 10,000 gallons, and to pay for electric current power and water.

The station was not erected by appellant on the ground, stated by him, that no plans and specifications were ever prepared and given to appellant by appellee. It is not contended by appellee that plans or specifications were furnished by it. It is the contention of appellant, through his pleadings and brief, that the measure of damages for the breach of the contract is the amount of $12,000, which would have been the rental value of the lot, of course with the improvements on it, for the period, being at the rate of $100 a month. Under the terms of the contract appellant was bound to make an expenditure of not more than $5,000 for the drive-in station. The erection of the station was a condition precedent to the payment of any sums by appellee, but appellant treats the case as though he had erected the improvements at a cost of $5,000 and that appellee had refused to pay rents for the use of the station. To sustain the measure of damages presented by appellant would amount to sustaining a measure which would not give compensation alone to appellant, which is the true aim of awarding damages for breaches

of contracts, but would give to appellant more money than he could possibly have obtained from a fulfillment of the contract. Fox v. Elston (Tex. Civ. App.) 33 S. W. 749.

While it has been definitely held in Texas that it is not incumbent on the plaintiff to plead a measure, it is further the rule that a statement of facts must be pleaded showing that the plaintiff is entitled to damages, which pleadings must be sustained by the evidence. The measure of damages is to be determined by the court. Volume 13 Tex. Jur. c. 16, § 170.

It is the rule that where the evidence does not show any substantial damages, still, if there was a breach of the contract under the law, appellant was entitled to what is denominated nominal damages; that is, a small sum to evince the determination of the law to punish the infraction of a contract. Tex. Jur. vol. 13, c. 16, § 4. The court did not under the facts err in giving the instruction in favor of appellant for the nominal sum of $1.

The judgment is affirmed.